IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. KEVIN J. NOHELTY,            )
                                 )
            Plaintiff,           )
                                 )
     v.                          )   No. 13 c 6408
                                 )
LINCOLNWOOD SCHOOL DISTRICT #74  )
SCOTT L. ANDERSON, JOHN P. VRANAS,)
KEVIN DALY AND GEORJEAN HLEPAS-  )
NICKELL,                         )
                                 )
            Defendants.          )

## MEMORANDUM OPINION AND ORDER

On September 18, 2012 this Court issued a sua sponte memorandum order ("Order") in Case No. 12 C 5594, in which Dr. Kevin Nohelty ("Nohelty") had sued Lincolnwood School District #74 ("District") and four members of its Board Of Education ("Board") in a multi-count Verified Complaint. That Order held that dismissal of the action was called for because of the lack of federal subject matter jurisdiction: Nohelty's Complaint had sought to predicate such jurisdiction on an asserted constitutional deprivation (the claimed denial of due process of law), but the Complaint's allegations revealed that the termination of his employment as District's Assistant Superintendent for Business had been preceded by a pre-termination hearing that this Court held had satisfied the due process requirement.

Three weeks later Nohelty filed a complaint against the same defendants in the Circuit Court Of Cook County, bearing that

Court's Case No. 12 CH 11421, and then in early August of this year Nohelty filed an Amended Complaint that added an asserted claim under 42 U.S.C. § 1983. Here is his Amended Complaint Count I ¶ 34, which advances that contention:

> Nohelty had a First Amendment right to support the board members that hired him and approved the contract extending his employment for one year until June 30, 2013.

On September 6 (within the 30-day period allowed for such removal to this District Court under 28 U.S.C. § 1446(b)) defendants filed a Notice Of Removal to bring this action from its place of origin to this District Court.[1] But this Court's threshold review of the matter suggests that Nohelty may well be confronted with a dispositive dismissal of Count I's federal-question claim on grounds of claim preclusion.[2] After all, the common gravamen of both the earlier lawsuit and the current one is Nohelty's assertedly wrongful termination, and on that score Nohelty plainly could have invoked the claimed violation of the

---

[1] Through an error in the Clerk's Office, the action was originally assigned at random to this Court's colleague Honorable John Lee, although this District Court's LR 40.3(b)(2) called for its being assigned directly to the calendar of this Court by reason of its status as the refiling of a previously dismissed action. That error is being corrected by transfer of the case to this Court's calendar.

[2] This Court has always preferred the more precise terminology of "claim preclusion" and "issue preclusion" rather than the older and more common usage of "res judicata," because the latter term has regularly been given double duty by being used to describe both types of preclusion.

2

First Amendment via the Fourteenth Amendment the first time around.

Accordingly this Court orders both Nohelty's counsel and defense counsel to file, on or before December 26, 2013, submissions addressing the claim preclusion issue. Because this Court contemplates addressing that issue promptly thereafter, paper copies of the parties' submissions must be delivered to this Court's chambers on or before that same date (see this District Court's LR 5.2(f) and this Court's website both requiring the delivery of such hard copies).

                                                Milton I. Shadur
                                                Senior United States District Judge

Dated:    December 16, 2013