IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

Dr. Kevin J. Nohelty,              )
                                   )
                Plaintiff,         )
                                   )
        v.                         )    No. 13 C 6408
                                   )
Lincolnwood School District        )
#74, et al.,                       )
                                   )
                Defendants.        )

                MEMORANDUM OPINION AND ORDER

    On December 21, 2013 counsel for plaintiff Dr. Kevin J. Nohelty ("Nohelty") filed a response as requested by this Court's sua sponte memorandum opinion and order (the "Opinion") issued on December 16 -- a response that took issue with the Opinion's raising a potential claim-preclusion defense to Nohelty's assertion of a 42 U.S.C. § 1983 ("Section 1983") claim in this action. This memorandum opinion and order finds Nohelty's response wanting as a matter of law.

    First, Nohelty's counsel takes issue with this Court's September 18, 2012 rejection and dismissal of Nohelty's prior lawsuit against the same defendants ("Action I," 12 C 5594), asserting that this Court's memorandum order of that date ("Order") had erroneously referred to the Rooker-Feldman doctrine in the course of its discussion. That however really mischaracterizes the Order, whose holdings (which formed the gravamen of the dismissal order) were (1) that the pre-

termination hearing that Nohelty had received from the Board of Education, followed by Nohelty's termination, satisfied the Fourteenth Amendment's due process of law requirement and (2) that any potential substantive due process claim was defeated by our Court of Appeals' opinion in Palka v. Shelton, 623 F.3d 487, 453 (7th Cir. 2010).

Be that as it may, however, the fact remains that this Court's dismissal of Action I, not having been appealed, constituted a <u>final</u> <u>judgment</u> that Nohelty had not asserted any viable Section 1983 claim against the defendants (and hence that this Court lacked federal subject matter jurisdiction over Action I). So Nohelty's Response at 5 misses the relevant mark entirely in asserting:

> Second, there is not nor has there ever been any final (state) court judgment on the issues raised in count I of the current complaint.

Indeed, Nohelty's counsel has sown the seeds of self-destruction in the Response's language that immediately preceded the above-quoted sentence:

> First, plaintiff contends that the two claims are essentially the same. Although it is true that different facts and thereby, different legal theories were pled, both claims are claims for violations of civil rights under 42 U.S.C. 1983.

In short, what this Court forecast as a possibility in the Opinion has really been reconfirmed by Nohelty's Response itself. Nohelty's attempted invocation of Section 1983 in Action I was rejected by a judgment of dismissal that has indeed become a

final judgment. Hence his current attempt to call upon Section 1983 on the same <u>claim for relief</u> (the operative concept in federal jurisprudence), but under a different legal theory that could have been but was not advanced the first time around, is indeed barred by claim preclusion.

Because Nohelty's Amended Complaint Count I must be and is dismissed on that ground, this Court lacks subject matter jurisdiction over the rest of Nohelty's Amended Complaint, and this action is accordingly remanded to the Circuit Court of Cook County under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. This Court directs the Clerk of Court to mail a certified order of remand to the Clerk of the Circuit Court forthwith.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Dated:    December 26, 2013